IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DENNIS DARNELL ERVIN,

    Petitioner,

v.                                                                                                               No. 1:16-cv-01067-JDB-jay

UNITED STATES OF AMERICA,

    Respondent.

ORDER HOLDING PROCEEDINGS IN ABEYANCE
AND
DIRECTING CLERK TO ADMINISTRATIVELY CLOSE CASE

Petitioner, Dennis Darnell Ervin, filed a *pro se* motion to vacate, set aside, or correct his sentence (the "Petition"), pursuant to 28 U.S.C. § 2255, asserting that he no longer qualifies for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), after the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Docket Entry ("D.E.") 1 at PageID 7.) For the following reasons, the proceedings are HELD IN ABEYANCE and the case is ADMINISTRATIVELY CLOSED.

Among the predicate offenses that established Petitioner as an armed career criminal at the time of sentencing was his 1988 Tennessee second-degree burglary conviction. (*See United States v. Ervin*, No. 1:12-cr-10025-JDB-1, Presentence Report at ¶ 37 (W.D. Tenn.)). In 2012, in *United States v. Jones*, the Sixth Circuit held that Tennessee second-degree burglary "counts" as an ACCA predicate conviction. 673 F.3d 497, 505 (6th Cir. 2012). Currently pending before the Sixth Circuit is the question whether, notwithstanding the ruling in *Jones*, Tennessee second-degree burglary qualifies as an ACCA predicate. *See United States v. Buie*, No. 18-6185, D.E. 12 at pp. 32–33 (6th Cir. Jan. 29, 2019).

Accordingly, the proceedings in this matter are HELD IN ABEYANCE pending the Sixth Circuit's decision in *Buie*, and the Clerk of Court is DIRECTED to ADMINISTRATIVELY CLOSE the case. Either party may move to reopen this case after *Buie* is decided.

IT IS SO ORDERED this 27th day of February 2020.

s/ J. DANIEL BREEN  
UNITED STATES DISTRICT JUDGE