IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DENNIS DARNELL ERVIN,

      Petitioner,

v.                                   No. 1:16-cv-01067-JDB-jay

UNITED STATES OF AMERICA,

      Respondent.

ORDER DIRECTING RESPONDENT TO FILE SHEPARD DOCUMENTS
AND
HOLDING MOTIONS FOR COUNSEL IN ABEYANCE

Petitioner, Dennis Darnell Ervin,[1] has filed a *pro se* motion to vacate, set aside, or correct his sentence (the "Petition"), pursuant to 28 U.S.C. § 2255.  (Docket Entry ("D.E.") 1-1.)[2]  He also has submitted two motions for appointment of counsel.  (D.E. 15; D.E. 16.)  For the following reasons, the motions are HELD IN ABEYANCE and the Respondent, United States of America, is DIRECTED to file documents relating to Petitioner's prior Tennessee aggravated assault conviction.

BACKGROUND

On March 19, 2012, the grand jury for the Western District of Tennessee returned an indictment charging Ervin with two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  (*United States v. Ervin*, No. 1:12-cr-10025-JDB-1 (W.D. Tenn.) ("No. 1:12-cr-10025-JDB-1"), D.E. 2.)  At a hearing held on August 17, 2012, the Defendant pleaded

---

[1]  The Court will refer to Ervin as "the Defendant" in its discussion of his criminal case.

[2]  Record citations are to documents filed in the present case, unless otherwise indicated.

guilty to Count 2 of the of the indictment pursuant to a plea agreement with the Government.  (*Id.*, D.E. 29; D.E. 30.)

In the presentence report (the "PSR"), the probation officer advised that Ervin qualified for a minimum sentence of 180 months' incarceration under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).  (PSR at ¶25.)  The PSR listed seven of the Defendant's prior convictions as predicate offenses for an enhanced sentence under that statute: Louisiana simple burglary, Florida burglary, Tennessee third-degree burglary, Tennessee second-degree burglary, Tennessee aggravated burglary, Tennessee aggravated assault, and Tennessee evading arrest.  (PSR at ¶¶ 25, 32, 33, 35, 37, 46, 52, 68.)  Ervin's imprisonment range under the United States Sentencing Commission *Guidelines Manual* (the "Guidelines" or "U.S.S.G."), was calculated to be 188 to 235 months.  (PSR Worksheet at 1.)

In his supplemental position paper, Defendant lodged several objections to the PSR, including its use of his Louisiana and Florida burglary convictions and his Tennessee third-degree burglary and aggravated assault offenses to qualify him as an armed career criminal.  (No. 1:12-cr-10025-JDB-1, D.E. 42 at PageID 57-59.)   At the sentencing hearing, defense counsel "withdr[ew] all [of] the objections" and the parties "joint[ly] recommend[ed] . . . a sentence at the . . . mandatory minimum" of 180 months' incarceration.  (*Id.*, D.E. 68 at PageID 121, 130.)  The Court found that Defendant qualified as an armed career criminal because he had at least three prior violent felony convictions.  (*Id.*, D.E. 68 at PageID 127-28.)  A sentence of 180 months' imprisonment and three years of supervised release was imposed.  (*Id.*, D.E. 68 at PageID 130.) Judgment was entered on May 6, 2013, (*id.*, D.E. 53), and Defendant did not take a direct appeal.

In 2015, Ervin filed an application with the Sixth Circuit Court of Appeals for permission to file a second or successive § 2255 petition, pursuant to 28 U.S.C. 2244(b), 2255(h).  (*Id.*, D.E.

55.)  The Sixth Circuit denied the application as unnecessary because the prisoner had never filed a first § 2255 petition.  (*Id.*, D.E. 56 at PageID 96.)  The court transferred the application to this Court "for consideration as an initial § 2255 motion."  (*Id.*, D.E. 56 at PageID 97)  The Petition was then docketed as the initial pleading in the present case.

DISCUSSION

The Petition presents the sole claim that Ervin is entitled to resentencing without the ACCA enhancement on the authority of *Johnson v. United States*, 135 S. Ct. 2551 (2015).  On February 27, 2020, the Court held this matter in abeyance pending the Sixth Circuit's decision in *United States v. Buie*, 960 F.3d 767 (6th Cir. 2020).  (D.E. 10.)  One of the issues raised in *Buie* was whether Tennessee second-degree burglary was an ACCA predicate.  *See Buie*, 960 F.3d at 770. The present case was administratively closed.  (D.E. 10.)

After *Buie* was decided in May 2020, the Government notified the Court of that event and filed its response to the Petition.  (D.E. 11.)  Respondent argued that the inmate waived the Petitioner's sole claim through his collateral-attack waiver in his criminal case.  The Government further posited that the claim was without merit because, even excluding the convictions affected by *Johnson*, Petitioner had at least three convictions that qualify as ACCA predicates.

On July 20, 2020, the Court reopened the case and lifted the stay (D.E. 14) and granted Ervin an extension of time to file a reply (D.E. 13).  He filed two motions for counsel (D.E. 15; D.E. 16), but did not submit a reply.  The Government did not respond to the motions.

I.   <u>Legal Standards</u>

A prisoner seeking to vacate his sentence under § 2255 "must allege either '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact

3

or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). A petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Under the ACCA, a person who is convicted of being a felon in possession of a firearm and who "has three previous convictions . . . for a violent felony or a serious drug offense . . . committed on occasions different from one another . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year . . . that . . . (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). Subsection (i) is commonly called the "use-of-force" clause. *United States v. Priddy*, 808 F.3d 676, 683 (6th Cir. 2015). The first part of subsection (ii) is the "enumerated- offenses" clause, while the phrase "otherwise involves conduct that presents a serious potential risk of physical injury to another" is referred to as the "residual clause." *Id.*

In *Johnson*, the Supreme Court held that the residual clause was unconstitutionally void for vagueness. *Johnson*, 135 S. Ct. at 2556-57. Therefore, an enhanced sentence under that clause violated due process as guaranteed by the Fifth Amendment. *Id.* The decision left the ACCA's use-of-force and enumerated-offenses clauses undisturbed. *Id.* at 2563.

To determine if a conviction constitutes a violent felony under the enumerated-offenses or use-of-force clause, a court must first apply the "categorical approach," which focuses on the statute under which the petitioner was convicted, rather than his conduct. *Cradler v. United States*, 891 F.3d 659, 667 (6th Cir. 2018) (citing *Taylor v. United States*, 495 U.S. 575, 600 (1990)). If

the statute is "divisible," meaning it describes multiple offenses, the court may "employ the 'modified categorical approach.'" *United States v. House*, 872 F.3d 748, 753 (6th Cir. 2017) (quoting *Descamps v. United States*, 570 U.S. 254, 257 (2013)). That approach permits the examination of "a limited class of documents" from the defendant's prior criminal case in order "to determine which alternative formed the basis of the defendant's . . . conviction." *Id.* (quoting *Descamps*, 570 U.S. at 257). Those records are known as "Shepard" documents. *See Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016) (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)). The Supreme Court in *Mathis* clarified that a statute is divisible if it lists alternative elements, not alternative means of satisfying one or more elements. *Mathis*, 136 S. Ct. at 2249. If the statute lists alternative means, then it is "indivisible," and resort to the limited class of documents is prohibited. *Id.* at 2448.

Under either approach, the "second step" in a court's analysis is to "determine whether the offense, as described either by the entirety of an indivisible statute or by the relevant alternative of a divisible statute," *United States v. Pittman*, 736 F. App'x 551, 554 (6th Cir.), *cert. denied*, 139 S. Ct. 608 (2018), matches the generic definition of an enumerated offense, *Mathis*, 136 S. Ct. at 2247, or the federal definition of "physical force" as "force capable of causing physical pain or injury to another person," *United States v. Southers*, 866 F.3d 364, 366 (6th Cir. 2017) (quoting *Johnson v. United States*, 559 U.S. 133, 138, 140 (2010)). If there is a mismatch, the prior conviction is not a violent felony under the ACCA. *Cradler*, 891 F.3d at 667 (citing *Descamps*, 570 U.S. at 257).

## II.   Waiver

As part of the plea agreement, Ervin "waive[d] his right to challenge his conviction and sentence, the manner in which the sentence was determined, or his attorney's alleged failure or

5

refusal to file a notice of appeal, in any collateral attack, including but not limited to a motion brought under 28 United States Code Section 2255." (No. 1:12-cr-10025-JDB-1, D.E. 30 at PageID 39.) The Government argues that Petitioner's knowing and voluntary waiver precludes his collateral attack on his sentence on the ground that he no longer qualifies as an armed career criminal. In support, it relies on *Cox v. United States*, 695 F. App'x 851 (6th Cir. 2017). The argument is without merit.

As a general matter, "[a] defendant's waiver of h[is] right to collaterally attack h[is] conviction and sentence under § 2255 is enforceable when it is entered into 'knowingly, intelligently, and voluntarily.'" *Steward v. United States*, No. 16-6181, 2017 WL 3221713, at *2 (6th Cir. Mar. 16, 2017) (quoting *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001)). In *Cox*, the Sixth Circuit held that collateral-rights "waivers with plain language that precludes *Johnson*- and *Mathis*-based claims are enforceable even if those waivers were entered into years before *Johnson* and *Mathis* were decided." *Cox*, 695 F. App'x at 853.

However, the court held to the contrary in its published decision in *Vowell v. United States*, 938 F.3d 260 (6th Cir. 2019). *See Vowell*, 938 F.3d at 268. Relying on *Carruthers v. United States*, 458 F.3d 459, 462 (6th Cir. 2006), the court held that "a defendant or petitioner may challenge his sentence as being statutorily excessive based on a subsequent change in the law, even if the waiver was otherwise knowing and voluntary." *Id.* The court found that "a petitioner's allegedly incorrect designation as a career offender under the ACCA renders his sentence in excess of the statutory maximum." *Id.* It therefore concluded that a prisoner's challenge to his status as an armed career criminal is not barred by a collateral-attack waiver. *Id.*

In the present matter, the Petitioner's sole claim is that he no longer qualifies for a sentence enhancement under the ACCA. Under *Vowell*, his waiver does not preclude his claim.

6

III.   Merits

As discussed above, Ervin's ACCA predicate offenses at sentencing consisted of Louisiana simple burglary, Florida burglary, Tennessee third-degree burglary, Tennessee aggravated burglary, Tennessee aggravated assault, Tennessee second-degree burglary, and Tennessee evading arrest.   Petitioner does not address which of those offenses he believes no longer qualify as ACCA predicates due to the ruling in *Johnson*.

The Government properly concedes, however, that the Tennessee evading arrest conviction is not a violent felony after *Johnson*'s invalidation of the ACCA's residual clause.   *See United States v. Franklin*, 622 F. App'x 501, 514 (6th Cir. 2015) (citing *United States v. Doyle,* 678 F.3d 429, 437) (6th Cir. 2012) (petitioner's "prior conviction[] for [Tennessee] felony evading arrest . . . . qualif[ies] as predicate offense[] only under the ACCA's now defunct residual clause"). Respondent also acknowledges that Ervin's Tennessee third-degree burglary conviction is not an ACCA predicate after *Cradler*.   The Sixth Circuit in that case "held that Tennessee third-degree burglary is not an ACCA predicate offense because it encompasses 'more conduct than generic burglary'—namely, 'conduct undertaken when someone is lawfully inside a building.'" *Carter v. United States*, 820 F. App'x 392, 395 n.1 (6th Cir. 2020) (quoting *Cradler*, 891 F.3d at 671). Ervin's third-degree burglary conviction is therefore not an ACCA-qualifying offense.

Excluding those convictions, Petitioner is left with five previous offenses.   The Government has not addressed whether the two out-of-state convictions, for Louisiana and Florida burglary, are violent felonies under the ACCA.[3]   Instead, it asserts that the Tennessee aggravated

---

[3]      *See United States v. Phillips*, 752 F.3d 1047, 1051 (6th Cir. 2014) (pre-*Johnson*, "hold[ing] that a conviction for third-degree burglary of a structure in Florida is a 'violent felony' within the meaning of the ACCA's residual clause."); *United States v. Hamilton*, 235 F. Supp. 3d 1229, 1244 (N.D. Okla. 2017), *aff'd*, 889 F.3d 688 (10th Cir. 2018) ("Categorically, the Louisiana statute is broader than the generic definition of burglary because it includes vehicles, watercraft,

assault, aggravated burglary, and second-degree burglary convictions qualify as ACCA predicates.[4]   (D.E. 11 at PageID 61.)

### A.  Burglary Convictions

"The Supreme Court has defined generic burglary as an 'unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.'"  *Carter*, 820 F. App'x at 395 (6th Cir. 2020) (quoting *Taylor*, 495 U.S. at 598).  Prior to 1989, Tennessee law set forth six burglary offenses, including first-degree burglary, Tenn. Code Ann. § 39-3-401 (1982), second-degree burglary, Tenn. Code Ann. § 39-3-403 (1982), and third-degree burglary, Tenn. Code Ann. § 39-3-404(a)(1) (1982).  "Tennessee law now prohibits only three types of burglary: (1) burglary, Tenn. Code Ann. § 39-14-402 (2016); (2) aggravated burglary, Tenn. Code Ann. § 39-14-403 (2016); and (3) especially aggravated burglary, Tenn. Code Ann. § 39-14-404 (2016)."  *Lowe v. United States*, No. 3:05-CR-22-TAV-CCS-1, 2017 WL 1366916, *2 n.1 (E.D. Tenn. Apr. 12, 2017), *rev'd and remanded on other grounds*, 920 F.3d 414 (6th Cir. 2019).

---

and cemeteries."); *Farkas v. Kizziah*, No. CV 7:18-43-KKC, 2019 WL 3207794, at *4 (E.D. Ky. July 16, 2019), *appeal dismissed sub nom*. *Farkas v. Hudson*, No. 19-5887, 2019 WL 5885044 (6th Cir. Oct. 15, 2019) ("Looking at the scope of conduct covered by [Louisiana burglary], the statute sweeps more broadly than generic burglary through its inclusion of structures beyond dwellings.")

[4]  Respondent alternatively maintains that Petitioner's Tennessee conviction for possession of a controlled substance with intent to manufacture (*see* PSR at ¶ 52) "can be . . . counted now," despite the fact that it "was not previously counted [but] should have been[.]" (D.E. 11 at PageID 61.)  The Government does not cite any supporting cases and does not further explain or justify its position.  In light of Respondent's failure to develop the argument, the Court will not address it.  It is worth noting, however, that there does not appear to be a Sixth Circuit decision resolving whether a court may use a "substitute" predicate on collateral review to qualify a petitioner as an armed career criminal.  Other circuits are split on the question.  *Compare United States v. Hodge*, 902 F.3d 420, 426-27 (4th Cir. 2018) (disallowing use of substitute predicate in collateral review proceeding), *with Dotson v. United States*, 949 F.3d 317, 320 (7th Cir.), *cert. denied*, No. 20-302, 2020 WL 6037252 (U.S. Oct. 13, 2020) (allowing substitution under narrow circumstances); *Tribue v. United States*, 929 F.3d 1326, 1332 (11th Cir. 2019), *docketing petition for cert.*, No. 20-6054 (U.S. Oct. 16, 2020) (allowing substitution).

Aggravated burglary is defined as "burglary of a habitation[.]"  Tenn. Code Ann. § 39–14–403(a). "Habitation" is "any structure, including module units, mobile homes, trailers, and tents, which is designed or adapted for the overnight accommodation of persons," and any "self-propelled vehicle that is designed or adapted for the overnight accommodation of persons and is actually occupied at the time of initial entry by the defendant."  Tenn. Code Ann. §§ 39–14–401(1)(A), (B).

In the present matter, Petitioner's aggravated burglary conviction counts as an ACCA predicate because binding precedent so dictates.  In 2007, the Sixth Circuit in *United States v. Nance*, 481 F.3d 882 (6th Cir. 2007), considered whether the statute's locational element, which includes non-permanent structures and vehicles, sweeps more broadly than generic burglary.  *See Nance*, 481 F.3d at 887-88.  The court determined that the locational element fits within the scope of generic burglary, and therefore the offense is a violent felony under the ACCA.  *Id.*  Ten years later, the Sixth Circuit, sitting en banc, overruled *Nance*, holding that generic burglary does not include "vehicles and movable enclosures."  *United States v. Stitt*, 860 F.3d 854, 858 (6th Cir. 2017) (en banc), *reversed United States v. Stitt*, 139 S. Ct. 399 (2018).  The court therefore held that Tennessee aggravated burglary was not a violent felony under the ACCA.  *Id.*

The Supreme Court reversed the en banc ruling, concluding that "burglary of a nonpermanent or mobile structure that is adapted or used for overnight accommodation" is "within the scope of generic burglary's definition as set forth in *Taylor*."  *Stitt*, 139 S. Ct. at 404, 406.  Tennessee aggravated burglary was, therefore, held to be a violent felony under the ACCA.  *Id.* at 406.

Following the reversal in *Stitt*, the Sixth Circuit held that *Nance*'s ruling "is once again the law of this circuit," and "Tennessee aggravated burglary represents a generic burglary capable of

constituting a violent felony for ACCA purposes." *Brumbach v. United States*, 929 F.3d 791, 794 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 974 (2020) (quoting, in second quotation, *Nance*, 481 F.3d at 888).  The court so held "even though the defendant raised arguments not addressed in either *Stitt* or *Nance*."  *United States v. Tigue*, 811 F. App'x 970, 974 (6th Cir. 2020) (citing *Brumbach*, 929 F.3d at 794).  The court reasoned that, "[e]ven if there is merit to [the defendant's] arguments . . . , a panel of this court cannot overrule *Nance*.  This can only be done by an 'inconsistent decision' of the Supreme Court or . . . a decision of the en banc court.'"  *Id.* at 795 (quoting *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985)).

Accordingly, in the present matter, the Court is bound by *Nance*'s unqualified ruling that Tennessee aggravated burglary is a violent felony.  Ervin's conviction for that crime counts as an ACCA predicate.

That leaves his 1988 second-degree burglary offense.  The Tennessee statute on which that conviction was based "defined second-degree burglary as 'the breaking and entering into a dwelling house or any other house, building, room or rooms therein used and occupied by a person or persons as a dwelling place or lodging . . . with the intent to commit a felony.'"  *Id.* at 394 (quoting Tenn. Code Ann. § 39-3-403(a) (1982)).  In *United States v. Jones*, 673 F.3d 497 (6th Cir. 2012), the Sixth Circuit considered whether Tennessee second-degree burglary was a violent felony under the ACCA.  *See Jones*, 673 F.3d at 505.  The court determined that the "statute was at least as narrow as the *Taylor* court's definition of generic burglary, because it applied only to dwellings and occupied buildings."  *Id.*  It therefore concluded that "the state offense did not extend beyond generic burglary and, thus, was categorically a violent felony."  *Id.*

Recently, the question has arisen as to whether "Tennessee second-degree burglary [is] broader than generic burglary for the same reasons third-degree burglary was held to be overbroad

in *Cradler*." *Carter*, 820 F. App'x at 395 n.1. The issue was raised on appeal in *Buie*, but the Sixth Circuit declined to address it. *See Buie*, 960 F.3d at 770 ("Because it will not impact Buie's sentence, we leave for another day any unanswered questions regarding whether a Tennessee second-degree burglary conviction qualifies as a violent felony.") In *Kitts v. United States*, 812 F. App'x 336 (6th Cir. 2020), the court remanded the case for consideration of the issue by the district court. *Kitts*, 812 F. App'x at 341.

Shortly after *Kitts*, the Sixth Circuit in *Carter* rejected the petitioner's challenge to the "entry" element of Tennessee second-degree burglary. *Carter*, 820 F. App'x at 394-96. In so doing, the court reasoned, in part, that it was bound by the "unqualified holding in *Jones* that a conviction for Tennessee second-degree burglary is a predicate offense under the ACCA's enumerated-offenses clause." *Carter*, 820 F. App'x at 395. Acknowledging that the "decision in *Kitts* suggests that the district court in the present case may have erred in finding second-degree burglary to be a predicate offense under the ACCA," the court determined that "it is only a suggestion." *Id.* at 395 n.1. It concluded that, "[u]nless and until this Court revisits its holding in *Jones*, the district court in the present case correctly relied on *Jones* to find that Tennessee second-degree burglary is a predicate offense under the ACCA." *Id.*

Although *Carter* is an unpublished decision, its understanding of binding precedent is consistent with the tenets expressed in *Brumbach*. *See Brumbach*, 929 F.3d at 794-95. "ccordingly, this Court concludes that it is bound by *Jones*' ruling that Tennessee second-degree burglary remains a violent felony under the ACCA.

B. *1999 Aggravated Assault Conviction*

At the time of Ervin's conviction for aggravated assault, the Tennessee statute provided, in pertinent part:

11

(a) A person commits aggravated assault who:

> (1) Intentionally or knowingly commits an assault as defined in § 39-13-101 and:
>> (A) Causes serious bodily injury to another; or
>> (B) Uses or displays a deadly weapon; or
> (2) Recklessly commits an assault as defined in § 39-13-101(a)(1), and:
>> (A) Causes serious bodily injury to another; or
>> (B) Uses or displays a deadly weapon.

(b) A person commits aggravated assault who, being the parent or custodian of a child or the custodian of an adult, intentionally or knowingly fails or refuses to protect the child or adult from an aggravated assault as defined in subdivision (a)(1) or aggravated child abuse as defined in § 39-15-402.

(c) A person commits aggravated assault who, after having been enjoined or restrained by an order, diversion or probation agreement of a court of competent jurisdiction from in any way causing or attempting to cause bodily injury or in any way committing or attempting to commit an assault against an individual or individuals, intentionally or knowingly attempts to cause or causes bodily injury or commits or attempts to commit an assault against the individual or individuals.

Tenn. Code Ann. § 39-13-102 (1996).  Section 39-13-101 provided that "[a] person commits assault who . . . intentionally, knowingly or recklessly causes bodily injury to another; . . . [i]ntentionally or knowingly causes another to reasonably fear imminent bodily injury; or . . . [i]ntentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive."  Tenn. Code Ann. § 39-12-101 (1996).

"[T]he Tennessee aggravated assault statute . . . is a divisible statute[.]"  *Braden v. United States*, 817 F.3d 926, 933 (6th Cir. 2016).  Convictions under subsections (a)(1) and (a)(2) are violent felonies under the ACCA.  *Id.* (intentional assault with a deadly weapon constitutes a violent felony); *Lowe v. United States*, 920 F.3d 414, 416, n.1 (6th Cir. 2019) (holding that, under Sixth Circuit binding precedent, "both reckless and intentional aggravated assault in Tennessee qualify as violent felonies") (citing *Davis v. United States*, 900 F.3d 733, 736 (6th Cir. 2018) *cert. denied*, 139 S. Ct. 1374 (2019)).  Offenses under the "other variants," as contained in subsections (b) and (c), "do not categorically qualify as ACCA predicates."  *United States v. West*, 799 F.

App'x 322, 325 (6th Cir.), *cert. denied*, No, 19-8755, 2020 WL 5882952 (2020); *Dillard v. United States*, 420 F. Supp. 3d 718, 733–34 (E.D. Tenn. 2019) (the variants set forth in subsections (b) and (c) do not describe "violent felonies" for the purposes of the ACCA).

Because the Tennessee statute is divisible, "the modified categorical approach is applicable." *Braden*, 817 F.3d at 933. Therefore, in the present matter, the Court should look to Ervin's Shepard documents to discern which variant of aggravated assault formed the basis for his conviction.

No such records are before the Court. The PSR, moreover, is of limited value in making the determination. The report recites the contents of the affidavit of complaint for the aggravated assault, including the allegation that Ervin "pointed a .25 caliber semiautomatic pistol at [the female victim] and put the gun to the side of her head." (PSR at ¶ 52.) Even if the PSR constituted a proper Shepard document,[5] it does not rule out the possibility that Ervin was convicted under subsections 102(c).[6]

---

[5] In *United States v. Armes*, 953 F.3d 875 (6th Cir. 2020), the Sixth Circuit held that a presentence report's presentation of the contents of a charging document may be a proper Shepard record if it recites the "elements of the conviction" and not simply the "underlying facts." *Armes*, 953 F.3d at 878, 881-82 (presentence report was a proper Shepard document because it "related that in 2005 [the defendant] pled guilty to two counts of Kentucky third-degree rape" in violation of Ky. Rev. Stat. Ann. § 510.060, and also stated that, '[a]ccording to the Indictment, the defendant engaged in sexual intercourse with a victim that was less than 16 years old ... while the defendant was over 21 years old.'")

[6] The PSR's recitation of the affidavit of complaint also does not rule out the remote possibility that Petitioner was convicted under subsection (b). *See e.g.*, *Dunlap v. United States*, 784 F. App'x 379, 389 (6th Cir. 2019) ("Because Dunlap could have been convicted of failing to protect a child or adult from aggravated assault, however remote the possibility, his aggravated assault conviction under Tennessee law is not categorically a violent felony.").

As noted above, that subsection "provides that a defendant can be convicted of aggravated assault by committing a simple assault while under a restraining order." *Gross v. United States*, No. 3:16-CV-2253, 2019 WL 1515250, at *5 (M.D. Tenn. Apr. 8, 2019), *appeal denied*, No. 19-5600, 2019 WL 6522281 (6th Cir. Sept. 17, 2019). "[S]imple assault does not require the use of violent force." *Id.* (citing *United States v. Martinez-Ortega*, 482 F. App'x 96, 99-100 (6th Cir. May 31, 2012)). In *Martinez-Ortega*, the Sixth Circuit held that the petitioner's aggravated assault conviction was not a violent felony because the prosecution failed to present evidence showing which subsection of the Tennessee statute formed the basis for the conviction. *Martinez-Ortega*, 482 F. App'x at 100. The court reasoned that the Government had not eliminated the possibility that the petitioner was convicted under subsection 102(c). *Id. See also Davis*, 900 F.3d at 736 (Shepard documents established that petitioner was not convicted of the aggravated assault variants relating to parents or guardians, or to persons who are under a restraining order); *United States v. Bell*, 612 F. App'x 378, 379–80 (6th Cir. 2015) (the defendant's Tennessee aggravated assault conviction was not an ACCA predicate because the Government "conceded that Tennessee Code Annotated § 39–13–102(c)'s definition of aggravated assault does not categorically meet the 'use of force' clause requirements" and did not attempt to establish, through "appl[ication of] the modified categorical approach, [that the defendant] had been convicted" under another subsection of the statute); *Gross*, 2019 WL 1515250, at *6 (Shepard documents eliminated the possibility that petitioner was convicted of aggravated assault under subsections 102(c) and (d)).

Because Shepard documents relating to the 1999 aggravated assault conviction are not in the record, the Court is unable to determine the variant on which Petitioner's conviction was based. In light of the inmate's limited access to such documents due to his incarceration, the Government is DIRECTED to submit, within ten days of entry of this order, any relevant Shepard documents

pertaining to the Tennessee aggravated assault conviction.  The motions for counsel are HELD IN

ABYEANCE pending Respondent's submission of the documents.

      IT IS SO ORDERED this 6th day of November 2020.

                         s/ J. DANIEL BREEN
                         UNITED STATES DISTRICT JUDGE